James D. CATES *v.* STATE of Arkansas

CA CR 79-54                                                    589 S.W. 2d 598

Opinion delivered November 7, 1979
Released for publication November 28, 1979

*McArthur & Lassiter, P.A.*, by: *Jack T. Lassiter*, for appellant.

*Steve Clark*, Atty. Gen., by: *Robert J. De Gostin*, Asst. Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

This appeal is from a conviction on the charge of theft of property under Ark. Stat. Ann. § 41-2203(b). Defendant waived a jury and was sentenced to two years imprisonment.

The defendant contracted with Mr. and Mrs. Gary Apple on September 26, 1977 to build a house in Scott, Arkansas. The defendant agreed to build the house in ninety days for $32,000. An escrow account was set up at Twin City Bank in North Little Rock in the amount of $32,000 for construction costs. When defendant received a bill from subcontractors or materialmen he would take it to Apples to approve, then the bank would disburse money based on Apples' approval. Defendant worked off and on on the house until March 1978. He withdrew from the construction even though it was only 77% complete. Defendant had withdrawn $28,500 from the escrow account ostensibly to pay materialmen and laborers and to discharge liens. The defendant converted $4,000 to his own use instead of using it to discharge liens. A criminal information was filed on July 21, 1978 and defendant was tried on December 13, 1978.

The state called as a witness, Duke Dugan, former loan officer who had supervised the escrow account for the construction loan. He testified he no longer was employed at Twin City Bank but he had gone to work at Twin City in December, 1977. Over the objections of defendant Dugan testified as to what the bank records showed in October and November as to withdrawals from the escrow account. The

State contended the bank record was admissible as a record of regularly conducted business under Rule 803(6) of Arkansas Uniform Rules of Evidence. Under that Rule, seven factors must be present for the records to be admissible — 1) record other compilation 2) of acts or events 3) made at or near the time the act occurred 4) by a person with knowledge (or from information transmitted by such a person) 5) kept in the course of a regularly conducted business 6) which has a regular practice of recording such information 7) all as shown by the testimony of the custodian or other qualified witness. *Rogers* v. *Lyon*, 253 Ark. 856, 489 S.W. 2d 506 (1973); *Hale* v. *State*, 252 Ark. 1040, 483 S.W. 2d 228 (1972); *United States* v. *Morton*, 483 F. 2d 573 (8th Cir. 1973).

The State introduced bank records through Dugan because he was familiar with the bank's record keeping and was also familiar with the Apples' escrow account. The State submits Dugan's familiarity with the account, in addition to his prior employment at the bank, qualified him as a witness within the meaning of Rule 803(6) supra. The trial judge has the discretion to determine the qualification of witnesses and the admissibility of evidence. There is no showing of an abuse of discretion.

The defendant alleges the court erred in sustaining the State's objection to cross-examination of Dugan by defendant's attorney.

Q. Mr. Dugan, do you think that Mr. Cates might have bid too low on this house?

MR. WILLIAMS: Objection.

THE COURT: Sustained.

MR. LASSITER: Your Honor, I think he would be qualified to give that opinion if he is familiar with the house industry.

THE COURT: I don't think he is. Save your exception.

The defendant's attorney hoped to produce responses

from Mr. Dugan indicating Mr. Cates had bid too low on the home. He contends the responses would have been directly relevant to whether defendant intended to commit theft when he entered the contract with the Apples. The State called Dugan to show the Apples set up an escrow account and he was authorized to disburse money from the account to defendant when Apples approved the disbursements for payment to subcontractors and materialmen. The court sustained the State's objection to the defendant's attorney's question for two reasons. One, the witness was not qualified to render an opinion as to whether defendant's bid was too low and secondly, the question wasn't relevant to a determination of the fact in issue. The court properly determined that whether defendant had bid too high or too low is not relevant to the issue of whether, five and one half months later, the defendant meant to deprive Apples of their money, when he withdrew it to pay lienholders and instead kept it for himself. Even if the testimony were relevant, it would be inadmissible as opinion evidence offered by a non-expert. Dugan was not called by defendant as his expert witness. In sustaining the objection the court did not abuse his discretion. *White* v. *Mitchell*, 263 Ark. 787, 568 S.W. 2d 216 (1978); *Harvey* v. *State*, 261 Ark. 47, 545 S.W. 2d 913 (1977).

The defendant alleges the evidence is insufficient to support a conviction of theft of property by deception.

Ark. Stat. Ann. § 41-2203: 1) A person commits theft of property if he: b. *knowingly* obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.

Ark. Stat. Ann. § 41-203(2) defines "knowingly":

A person acts *knowingly* with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

In reviewing the record and studying the testimony of

the witnesses, we find insufficient evidence to support the court's verdict of guilty of theft of property within the meaning of § 41-2201 supra. The statute states:

> Deception as to a person's intention to perform a promise shall not be inferred solely from the fact that he did not subsequently perform the promise.

The only evidence in this case to support the conclusion drawn by the trial court that Mr. Cates did not intend to pay off the liens, and, therefore, committed theft by deception, is inferred solely from the fact he didn't subsequently pay off the liens. The trial judge, sitting as a jury, indicates his misunderstanding of the requirements of the statute under which appellant was charged.

> MR. LASSITER: I believe you still have to have criminal intent whatever it is.

> THE COURT: Well, I guess you can presume that from the fact he didn't pay it . . .

The presumption taken by the court is one which the statute specifically states cannot be taken.

We hold there was insufficient evidence to convict appellant of theft of property by deception.

Reversed and remanded.