J. B. SMITH *v.*
CHICOT-LIPE INSURANCE AGENCY, a Partnership

CA 83-152                                    665 S.W.2d 907

Court of Appeals of Arkansas
Division II
Opinion delivered March 14, 1984

*John F. Gibson*, for appellant.

*W. K. Grubbs, Sr.*, for appellee.

TOM GLAZE, Judge. This appeal is from a jury verdict for $2,313.74 in favor of the appellee, which had filed an action against appellant on an open account. Appellee underwrote a number of various insurance policies for appellant, and the account which is the subject of this litigation covered these policies and other services furnished the appellant between December 25, 1975, and May 25, 1978. Seeking reversal of the decision below, appellant contends the trial court erred (1) in admitting certain business records into evidence, (2) in overruling appellant's motion for directed verdict, and (3) in instructing the jury incorrectly. From our review, we conclude that none of the appellant's arguments justifies the reversal of this cause.

Appellant first argues the court violated Rule 803(6) of the Uniform Rules of Evidence by admitting into evidence certain ledger cards reflecting appellant's account and the amount he allegedly owed the appellee. His argument is premised on the fact that the testimony qualifying the cards as business records was inadmissible because the witness was not qualified to verify appellant's account. We disagree. Under Rule 803(6), the custodian or other qualified witness can testify concerning business records. Here, the custodian (bookkeeper) did not testify, but appellee's managing partner, Ray Reese, did. Reese testified extensively regarding the ledger cards, demonstrating a knowledge of and detailed familiarity with the itemized transactions chronologically

listed on them. The trial judge has the discretion to determine the qualifications of witnesses and the admissibility of evidence, and upon our review of the record, we cannot say the judge abused his discretion in allowing Reese to testify concerning appellant's account. *See Cates* v. *State*, 267 Ark. 726, 728, 589 S.W.2d 598, 599 (1979).

In his second argument, appellant contends the appellee failed to establish that the appellant's account was unpaid. His contention centers on a premium finance note he signed for the purchase of insurance from the appellee; the appellee "recoursed" the note to a bank, and the loan proceeds were credited to appellant's account for that purchase. However, appellant still was required to pay the bank monthly on the note until it was satisfied. Later, appellant defaulted on the note; appellee paid the bank and charged the amount it paid on the note against appellant's account.

Because the appellee did not introduce the paid note into evidence, appellant claims appellee failed to show he was liable on the note. However, appellee sued appellant on his account, not on the promissory note. In fact, the account listed numerous insurance purchases and service charges and was not limited to the note the appellee paid in the amount of $3,990.07. After all payments made by appellant were credited to his account, it still reflected a balance due of $2,313.74, the amount awarded by the jury.

Appellee filed a verified complaint that set forth appellant's account and the payment due; by doing so, appellee made a *prima facie* showing under Ark. Stat. Ann. § 28-202 (Repl. 1979), on which a judgment could be satisfied. *See McWater* v. *Ebone*, 234 Ark. 203, 350 S.W.2d 905 (1961). Appellant never denied the correctness of the verified account by an affidavit or verified answer, although § 28-202 required him to do so in order to contradict such account. *See Cawood* v. *Pierce*, 232 Ark. 721, 722, 339 S.W.2d 861, 862 (1960). Nor did he offer any testimony after appellee presented its case. Instead, he moved for directed verdict. On these facts, the trial court was clearly correct in finding the appellee had proved the correctness of appellant's account

and in overruling appellant's motion for directed verdict. *See also Walden* v. *Metzler*, 227 Ark. 782, 301 S.W.2d 439 (1957).

Appellant's final argument, challenging a jury instruction, has no merit in view of our disposition of his second argument above. Appellant claims that any debt owed appellee resulted from the unpaid promissory note and that the trial court erred in instructing he could be found indebted to appellee on an account. The Courts instruction provided:

> If you find from the evidence in this case that the plaintiff (appellee) furnished the items on the account as alleged and there remains an unpaid balance owing thereon, then you will find for the plaintiff and against the defendant (appellant) for such unpaid balance.

As we already have noted, appellee's action was based on an open account, not on a promissory note. The foregoing instruction correctly reflects the basis on which appellee filed and proved its case. We affirm.

Affirmed.

COOPER and CORBIN, JJ., agree.