WILDWOOD CONTRACTORS *v.* THOMPSON-HOLLOWAY REAL ESTATE AGENCY

CA 85-191                                    705 S.W.2d 897

Court of Appeals of Arkansas
Division I
Opinion delivered March 19, 1986

*Vickery & Jones, P.A.*, for appellant.

*Jay E. Hoggard*, for appellee.

TOM GLAZE, Judge. Appellant, Wildwood Contractors, appeals a judgment from the Union County Circuit Court against it in favor of appellee, Thompson-Holloway Real Estate Agency, for $982.00, which represents additional insurance premiums for coverage written by appellee for appellant through the Hartford Insurance Company. The amount was determined as a result of an audit of actual business activity of appellant for a one-year period in order to "true up" premiums with actual risk incurred by the insurance company during the audit year. The audit was conducted not by appellee or its employees, but rather by the

Hartford Insurance Company, which wrote appellant's insurance through appellee. The case was tried to the court without a jury, and the only witness was Robert H. Archer, a partner in the appellee insurance agency, who presented an exhibit consisting of the disputed audit. The audit was admitted into evidence over appellant's objection. Based upon the audit, the trial court found for appellee and entered judgment, finding that the audit constituted a record of regularly conducted business activity which fell within the hearsay exception provided in Unif. R. Evid. 803(6).

■ For reversal, appellant contends that the trial court erred in admitting the results of the audit as a business record within the hearsay exception provided in Unif. R. Evid. 803(6). The rule provides that records of a regularly conducted business activity are not excluded by the hearsay rule from evidence "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."

■ Rule 803(6) articulates, *inter alia*, the types of records falling within the business records exception. As stated in *Cates* v. *State*, 267 Ark. 726, 589 S.W.2d 598 (Ark. App. 1979), there are seven factors which must be present in order for a business record to be admissible under the rule: the evidence must be (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act occurred, (4) by a person with knowledge, or from information transmitted by such a person, (5) kept in the course of a regularly conducted business, (6) which has a regular practice of recording such information, (7) all as shown by the testimony of the custodian or other qualified witness. *Id.* at 728, 589 S.W.2d at 598-599.

While this case presents several close questions as to whether the audit in question falls within the "business records" exception to the hearsay rule, we cannot say from our review of the evidence that the trial court abused its discretion in admitting the audit into evidence. The audit in question certainly qualifies as a "record" of "acts or events" consisting of business activity during a specific calendar year. In order to be admissible under Rule 803(6), the audit report must be made at or near the time of the examination of the records upon which it is based, and not necessarily when the activity shown in the audited records was performed. *Pfeffer* v. *S. Texas Laborers' Pension Trust Fund*,

679 S.W.2d 691, 694 (Tex. App. 1 Dist. 1984). Here, the audit was conducted within a reasonable time.[1]

Archer testified that the record was compiled from information transmitted by some person with knowledge who worked for appellant. Finally, audits such as the one here, according to the evidence, are a regularly conducted business activity and are utilized as a regular practice by the insurance underwriter to square actual risk incurred with anticipated risk, and the audits are relied upon to adjust premiums.[2]

■ It is the fact that regularly kept business records are relied upon for business decisions that makes them trustworthy enough to be admissible as an exception to the hearsay rule. *See* E. Cleary, *McCormick On Evidence*, Section 306 (3d Ed. 1984). A trial judge has wide discretion to determine whether a business record lacks trustworthiness. *See United States v. Page*, 544 F.2d 982, 987 (8th Cir. 1976).

■■ Finally, appellant strongly contends that Archer was not qualified to sponsor the audit because he could not of his own personal knowledge vouch for the results of the audit or even as to the manner in which it was conducted. However, the business records exception does not mandate that the custodian be able to explain the record-keeping procedures in question. *United States v. Henneberry*, 719 F.2d 941, 948 (8th Cir. 1983). It is not necessary that the sponsoring witness have knowledge of the actual creation of the document in question; the personal knowledge of the sponsoring witness regarding preparation of the business record goes to the weight rather than the admissibility of the evidence. *See Page, supra.* The trial judge has the discretion to determine the qualifications of witnesses and the admissibility of evidence. *Smith v. Chicot-Lipe Insurance Agency*, 11 Ark. App. 49, 51, 665 S.W.2d 907, 908 (1984). *See also Cates, supra.*

■ Based upon our review of the evidence, we cannot say

---

[1]  According to Archer, the audit was conducted and the report prepared within 90 to 120 days of February 11, 1984, which was the end of the period for which insurance was provided.

[2]  In fact, the parties had utilized such audits on at least three previous occasions, resulting in additional premiums being paid by appellant in two of those years and appellant receiving a refund for one of those years.

that the trial court abused its discretion in finding that the audit in question fell within the requirements of Unif. R. Evid. 803(6) as a business record exception to the hearsay rule and was therefore admissible. The decision of the trial court is affirmed.

Affirmed.

COOPER and CLONINGER, JJ., agree.