Sydney Anne TOLHURST *v.* Tommy REYNOLDS

CA 86-479                                    729 S.W.2d 25

Court of Appeals of Arkansas
Division I
Opinion delivered May 13, 1987

*Ray Owen, Jr.*, for appellant.

*David B. Switzer*, for appellee.

BETH GLADDEN COULSON, Judge. Appellant, Sydney Anne Tolhurst, appeals a decision of the Garland County Circuit Court in her bastardy action against appellee, Tommy Reynolds. On appeal, appellant asserts that the circuit judge abused his discretion in refusing to admit certain evidence of blood tests and that the trial court erred in finding that appellant failed to meet her burden of proof. We find no error and affirm.

On August 29, 1984, appellant filed this action against appellee alleging that he is the father of a male child born to her out of wedlock on October 27, 1981. The parties submitted to blood tests, and the Garland County Court found appellee to be the father of the minor child. Appellee then appealed for a *de novo* trial before the Garland County Circuit Court.

At the trial before the circuit court, appellant sought to introduce the blood tests to which the parties had submitted. The blood samples were drawn by a laboratory in Hot Springs and were forwarded to Roche Biomedical Laboratories, Inc., in Burlington, North Carolina. At trial, Ronald C. Barwick, an associate director at Roche who supervised the medical technologists performing the tests, testified concerning the tests. Appellee objected to the introduction of these test results as hearsay. The

circuit court declined to admit the tests and held that appellant had failed to meet her burden of proof. On appeal, appellant asserts that the tests were admissible under Ark. Stat. Ann. Section 34-705.2 (Supp. 1985).

A trial judge's determination as to the admissibility of evidence will not be reversed on appeal in the absence of abuse of that discretion. *J. B. Smith* v. *Chicot-Lipe Insurance Agency*, 11 Ark. App. 49, 665 S.W.2d 907 (1984). *See also Wildwood Contractors* v. *Thompson-Holloway Real Estate Agency*, 17 Ark. App. 169, 705 S.W.2d 897 (1986).

Ark. Stat. Ann. Section 34-705.2(A) provides as follows:

> A written report of the test results by the duly qualified expert performing the test certified by an affidavit duly subscribed and sworn to by him before a notary public, may be introduced in evidence in illegitimacy actions without calling such expert as a witness. If either party shall desire to question the expert in the case where he has performed the blood tests, the party shall have him subpoenaed within a reasonable time prior to trial.

Here, Barwick testified that he did not actually perform or verify the tests, or make the conclusions thereon. Barwick testified that the actual testing of the blood was done by technicians under his direction using methods that he had established. Scott Foster, another associate director at Roche, verified the results, although he did not personally perform the tests.

Appellee asserts that the blood test results were not admissible under Section 34-705.2 because Barwick and Foster did not personally perform the blood tests. We agree that the statute requires that the person performing the test make the verification thereon. The first rule to be applied in statutory construction is to give the words in the statute their usual and ordinary meaning. When a statute is plain and unambiguous, we must give effect as it reads. *Chandler* v. *Perry-Casa Public Schools District Number 2*, 286 Ark. 170, 690 S.W.2d 349 (1985); *Mourot* v. *Arkansas Board of Dispensing Opticians*, 285 Ark. 128, 685 S.W.2d 502 (1985). In the instant case, appellant cannot rely upon Section 34-705.2 for admission of the blood tests

into evidence through Foster, the person who verified the test results, because he did not perform them.

The test results were also not admissible through the testimony of Barwick, because he did not perform the tests. We agree with the trial court that, without admission into evidence of the blood tests, appellant failed to satisfy her burden of proof. In bastardy actions, the mother's burden of proof is a preponderance of the evidence. *McFadden* v. *Griffith*, 278 Ark. 460, 647 S.W.2d 432 (1983).

As noted above, the child was born on October 27, 1981. Appellant testified that she had sexual intercourse with appellee in the first part of February, 1981. She stated at trial that she believes appellee is the father of her son because she did not have sex with anyone other than appellee and Jerry Montgomery between December 15, 1980, and March 1, 1981. Appellant also testified that blood tests had excluded Jerry Montgomery as a possible father of the child. Appellant admitted, however, that she told Jerry Montgomery in January of 1981 that she thought she was pregnant by a man named Lonnie Davis. Appellee denied ever having had sexual intercourse with appellant and testified that appellant had informed him that she was pregnant by a man in Little Rock named Lonnie. Jerry Montgomery testified that he had sexual intercourse with appellant in the early part of February, 1981, and that appellant had told him that she was pregnant by someone from Little Rock.

In light of the above, we cannot say that the trial judge abused his discretion in refusing to admit the blood tests into evidence or in holding that appellant failed to sustain her burden of proof.

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.