HOLIDAY INN-WEST and Crum & Forster Commercial Insurance *v.* Darryl COLEMAN

CA 89-377                                              792 S.W.2d 345

Court of Appeals of Arkansas
En Banc
Opinion delivered July 5, 1990

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Micheal L. Alexander* and *R. Kenny McCulloch*, for appellants.

*Philip M. Wilson*; and *Holiman, Fox and Coleman*, by: *Richard E. Holiman*, for appellee.

*Walter A. Murray Law Firm*, for amicus curiae Arkansas Self-Insured Association.

*Mitchell & Roachell*, by: *Michael W. Mitchell*; and *Friday, Eldredge & Clark*, by: *Diane S. Mackey*, for amicus curiae Arkansas Hospital Association, Arkansas Medical Society, Arkansas Chiropractic Association, Arkansas Chapter of American Physical Therapy Association, Arkansas Podiatric Medical Association, and Arkansas State Dental Association.

*Youngdahl & Youngdahl, P.A.*, by: *Thomas H. McGowan*, for amicus curiae Arkansas AFL-CIO.

JOHN E. JENNINGS, Judge. On April 20, 1987, Darryl Coleman was injured while working for appellant Holiday Inn-West. The administrative law judge found the injury to be compensable and awarded benefits. The ALJ also entered the following orders relating to the claimant's attorney fees:

IT IS THEREFORE ORDERED that attorney fees are awarded to the claimant's attorney at the maximum level.

IT IS FURTHER ORDERED that pursuant to Ark. Code Ann. § 11-9-715, one-half (½) of said attorney fees shall be paid by respondents based upon the total compensation awarded, to include medical and indemnity benefits.

IT IS FURTHER ORDERED that pursuant to Ark. Code Ann. § 11-9-715, one-half (½) of said attorney fees shall be paid by the claimant based upon the compensation payable to him, indemnity benefits.

IT IS FURTHER ORDERED that the respondents shall pay its portion of the attorney fees to the claimant's attorney directly and shall deduct the claimant's portion of the attorney fees out of compensation payable to claimant, indemnity benefits, and likewise submit same to claimant's attorney directly.

The claimant appealed, challenging the method of calculating attorney's fees, and the full Commission reversed and held that under the applicable statute the proper procedure is for the carrier to pay one-half the claimant's attorney's fee on its own behalf and pay the remaining one-half attorney's fee by deducting proportionate amounts from bills payable to medical providers and indemnity payments due to the claimant.

On appeal to this court the employer and carrier argue that the method of payment of attorney's fees devised by the Commission is not in accordance with the statute and that the Commission's decision violates the due process rights of the medical provider. Because we reverse the Commission's decision on the first point argued we do not reach the second.

The applicable statute is Ark. Code Ann. § 11-9-

715(a)(2)(B) (1987) which provides in part:

> In all other cases whenever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (½) by the employer or carrier in addition to compensation awarded; and one-half (½) by the injured employee or dependents of a deceased employee *out of compensation payable to them.* (Emphasis added.)

The Commission decided that the word "compensation" in the phrase "out of compensation payable to them" included medical benefits. In doing so the Commission overlooked the first rule of statutory construction: if the language of the statute is plain and unambiguous it must be applied as it reads. *Tolhurst* v. *Reynolds*, 21 Ark. App. 94, 729 S.W.2d 25 (1987).

In arriving at its conclusion the Commission considered a number of factors:

(1) That the definition of "compensation" found in Ark. Code Ann. § 11-9-102(9) includes medical benefits.

(2) That Arkansas courts have held that "compensation" includes medical benefits for purposes of determining the full amount of the claimant's attorney's fee, citing *Hulvey* v. *Kellwood Co.*, 262 Ark. 564, 559 S.W.2d 153 (1977), and for purposes of determining whether the statute of limitations has run, citing *Northwest Tire Service* v. *Evans*, 295 Ark. 246, 748 S.W.2d 134 (1988).

(3) That the 1986 revisions to the Workers' Compensation Act did not reduce the total fee to be awarded to claimant's attorney.

(4) That the 1986 amendments did exclude some forms of compensation for purposes of calculating attorney's fees, citing Ark. Code Ann. § 11-9-715(c) (1987).

(5) That the statutorily provided attorney's fees in workers' compensation cases are "woefully small" in comparison to fees in other areas of the practice of law and that attorneys might decline to accept workers' compensation cases were fees to be further

reduced.

(6) That in a case involving substantial medical bills, a contrary interpretation could leave the claimant with no net indemnity benefits.

(7) That medical providers benefit from the efforts of the claimant's attorney and therefore it is "fair and proper" to require that they bear a proportionate burden of those fees.

(8) That the situation is analogous to the apportionment of attorneys fees in certain tort cases, citing *Burt* v. *Hartford Accident & Indemnity Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972).

█ Both the Commission and this court are required to construe the provisions of the Workers' Compensation Act liberally, in accordance with its remedial purposes. Ark. Code Ann. § 11-9-704(c)(3). However, liberal construction does not mean enlargement or restriction of any plain provision of the law. If a statutory provision is plain and unambiguous, it is the duty of the court to enforce it as it is written. *Hart's Exxon Service Station* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark. App. 1980). The rule of liberal construction does not mean that the plain provisions of the Act can be ignored. *Jobe* v. *Capitol Products Corp.*, 230 Ark. 1, 320 S.W.2d 634 (1959).

█ The Commission erred in focusing on the word "compensation" rather than the phrase used in the statute, "out of compensation payable to them." The word "them" obviously refers to the claimant or his dependents; it cannot be read to include medical providers. When the language of a statute is clear, our duty is to follow it, not to interpret it. We conclude that the statute does not authorize the Commission to direct the carrier to withhold proportionate amounts due to medical providers for payment of the claimant's portion of the attorney's fee.

█ The appellee questions appellants' standing[1] to com-

---

[1] Standing in the federal courts is an aspect of the justiciability doctrine. Justiciability, in turn, is a term of art used to give expression to the limitations placed on federal courts by the "case or controversy" provisions of article III of the United States Constitution. *See* L. Tribe, *American Constitutional Law* § 3-7 (1978). In state court jurisprudence, standing is judge-made or common law doctrine. 59 Am. Jur. 2nd *Parties* §

plain. The question is one of "issue standing" not "access standing" — the appellants are obviously proper parties to the litigation. *See generally* Nichol, *Rethinking Standing*, 72 Calif. L. Rev. 68 (1984). The question is whether these appellants are entitled to argue that the Commission's interpretation of the statute was wrong. Clearly appellants have been directed by order of the Commission to do something they contend the statute does not provide for. Appellants also argue that a requirement that they calculate a fractional amount to be withheld from all medical providers will impose a significant administrative burden. While we may not agree with appellants on the extent of this burden, we think they have a sufficient interest to entitle them to raise the issue.

Because of our holding on appellants' first point we need not address the argument that the Commission's order violates the due process rights of medical providers, nor the appellee's counter-argument that the appellants lack standing to raise this issue. We reverse and remand the case to the Commission for the entry of an order that is consistent with this opinion.

Reversed and remanded.

CRACRAFT and MAYFIELD, JJ., dissent.

GEORGE K. CRACRAFT, Judge, dissenting. I dissent. As I understand appellants' first point, they primarily argue that the Commission erred in ordering them to make direct remittance of any portion of the claimant's share of the attorney's fee, as Ark. Code Ann. § 11-9-715 (1987) provides that one-half of the total fee be paid "by the claimant." Appellants also argue under their first point that, in any event, the Commission erred in requiring that sums be deducted from amounts otherwise due to the medical providers and applied to the claimant's share of the attorney's fee, since the statute provides that the claimant's share of the fee is to be paid "out of compensation payable to [him]." As I understand the prevailing opinion, it fails to address the first of these arguments, but does address the second one.

---

30 (1987). For this reason pronouncements of federal courts on standing are not wholly transplantable into state law settings.

Although I have no problem with the majority's interpretation of the statute as it relates to the responsibility of medical providers, I do not think that these appellants have standing to raise that issue on appeal. The employer and the carrier cannot be aggrieved by the Commission's holding that a portion of the claimant's attorney's fee be paid by third persons. For perfectly valid and sensible reasons, our appellate courts refuse to issue declaratory judgments and address only those issues presented by an "aggrieved party". While I prefer to avoid dissents, I feel more comfortable in adhering to the time-honored wisdom of not deciding issues that are not properly before us, even though they are advanced by the parties and amici or are of particular interest to some segments of the public.

MELVIN MAYFIELD, Judge, dissenting. I dissent for two reasons. First, for the reasons stated in Judge Cracraft's dissent, I do not think the appellants have a standing to raise the issue they argue on appeal. Second, I do not agree with the majority opinion. Actually, I cannot understand what the opinion holds. Obviously, it asks more questions than it answers. Surely the statute is not as plain and unambiguous as the opinion suggests. Hopefully, the General Assembly will remedy the problems the statute presents.