Anthony Ray TERRY *v.* STATE of Arkansas

CR 91-258                                    826 S.W.2d 817

Supreme Court of Arkansas
Opinion delivered March 30, 1992

*William R. Simpson, Jr.*, Public Defender, by: *Thomas B. Devine, III*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst.

Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Anthony Ray Terry, appeals a judgment of the Pulaski County Circuit Court convicting him of two counts of rape. Appellant was charged by felony information, dated November 14, 1989, for two alleged violations of Ark. Code Ann. § 5-14-103 (1987), in that during May 1989, he engaged in sexual intercourse or deviate sexual activity with two sisters who were less than fourteen years of age. He was tried by a jury, convicted of both counts, and sentenced to two consecutive twenty-five year terms in the Arkansas Department of Correction.

For reversal of the judgment, appellant contends the trial court erred in admitting into evidence a record of appellant's medical history as taken by the Veteran's Administration Hospital when appellant was being treated there in 1983. In this fourteen page document, it is reflected that appellant had a venereal disease for which he was treated with an antibiotic shot a few years prior to the giving of the history. This record was obtained by appellant from the hospital and given to the prosecution during discovery.

The prosecution thought this evidence of appellant's past venereal disease was particularly relevant because the two child victims were both diagnosed with gonorrhea by Arkansas Children's Hospital in August and September of 1989, after one of the girls was admitted to the hospital for treatment of a swollen and infected shoulder caused by gonorrhea. Thus, when appellant stated on direct examination that he had never had gonorrhea, the prosecution inquired into appellant's prior history of venereal disease on cross-examination.

Appellant makes three assignments of error in the ruling admitting the challenged evidence. First, he claims the prosecution did not lay a sufficient foundation to admit the hospital records under A.R.E. Rule 803(6), the business records exception to the hearsay rule. Second, he claims he was not given an opportunity to explain or deny the hospital records as extrinsic evidence of a prior inconsistent statement as required by A.R.E. Rule 613(b). Third, appellant claims the admission of the hospital records was more prejudicial than probative and therefore should have been excluded under A.R.E. Rule 403. The first

argument has no merit. The last two arguments were not properly preserved for our review. Therefore, we affirm.

We begin this opinion, which deals only with evidentiary issues, by stating that the trial court has discretion in deciding evidentiary issues and its decision will not be reversed on appeal unless it has abused that discretion. *State* v. *Massery*, 302 Ark. 447, 790 S.W.2d 175 (1990).

With respect to his first point of error, appellant argues the foundation is insufficient under A.R.E. Rule 803(6) in two respects. First, he argues the record is untrustworthy because it was not shown to be appellant's and there was no testimony by a person with knowledge of how the record came to be or how it was obtained. Second, appellant argues it was not shown that the record was made at or near the time required by A.R.E. Rule 803(6).

The state responds to this argument by claiming that the business records exception does not require that the custodian of the records be able to explain the specific record-keeping procedures in question. In support of this claim, the state cites *Wildwood Contractors* v. *Thompson-Holloway Real Estate Agency*, 17 Ark. App. 169, 705 S.W.2d 897 (1986).

The business records exception to the hearsay rule has been interpreted as having seven requirements. To be admissible under this exception, the evidence must be (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of a regularly conducted business, (6) which has a regular practice of recording such information, (7) all as shown by the testimony of the custodian or other qualified witness. *Cates* v. *State*, 267 Ark. 726, 589 S.W.2d 598 (Ark. App. 1979). A.R.E. Rule 803(6) further provides that business records will not be admitted "if the source of information or the method or circumstances of preparation indicate lack of trustworthiness."

Harriet Behr, chief of the medical information section at the VA Hospital, testified that she was the custodian of the VA Hospital's medical records and that she brought with her to the courtroom a certified copy of appellant's medical history. She

testified that reports such as appellant's medical history are kept as part of the hospital's regularly conducted business activity. Appellant's challenge to Ms. Behr's testimony arises from her unfamiliarity with the specific procedure for obtaining the medical history of a hospital patient. However, Ms. Behr did testify that after a patient has been admitted to the hospital, reports such as the one in question are prepared, compiled in a file of the patient's medical records, and kept under her care and control.

Mary Ann Parsley, acting chief of nursing at the VA Hospital and an employee there since 1970, testified that the standard procedure for obtaining the information in appellant's medical history is through both patient interview and physical examination depending on the particular question involved. She stated that the information relating to venereal disease is gained by interview, or patient response to questioning by a physician or nurse, rather than by diagnosis from a physical examination. As to the absence of appellant's signature on the record, Ms. Parsley testified that, when this particular record was taken in 1983, it was not the standard procedure of the VA Hospital to have the patient sign the record.

We agree with the state's contention that the custodian of a business record need not explain the specific record-keeping procedures in question. In *Wildwood Contractors* v. *Thompson-Holloway Real Estate Agency*, 17 Ark. App. 169, 705 S.W.2d 897 (1986), the court of appeals relied on *United States* v. *Henneberry*, 719 F.2d 941 (8th Cir. 1983), *cert. denied*, 465 U.S. 1107 (1984), and rejected the appellant's claim that the witness was not qualified to lay the foundation for the evidence because he could not of his own personal knowledge vouch for the record or the manner in which it was obtained. The *Wildwood* court concluded that the personal knowledge of the sponsoring witness regarding preparation of the business record goes to the weight rather than the admissibility of the evidence. We agree with this reasoning.

■ Ms. Parsley's testimony that the information in question is gained through an interview process where a nurse or physician asks the questions of the patient and records the patient's answer on the document satisfies the requirement that

the record be made at or near the time the act occurred. The record is made as the questions are asked of the patient. That is all that is necessary under Rule 803(6). *See Wildwood,* 17 Ark. App. at 171, 705 S.W.2d at 899. Furthermore, the record in question here was not prepared in anticipation of the trial or for a specific purpose, therefore the trial court did not abuse its discretion in admitting the record of appellant's medical history under the business records exception because of the date the medical history was taken. *See Parker* v. *State,* 270 Ark. 897, 606 S.W.2d 746 (1980).

■ We hold that the business records exception does not mandate that the custodian be able to explain the specific record-keeping procedures in question. The testimonies of the two hospital employees satisfy the foundation requirements of A.R.E. Rule 803(6) and do not indicate the record was made at any time other than that which is required or that the source of the record lacks trustworthiness. There was no abuse of discretion in admitting the business record as an exception to the hearsay rule.

Appellant's second point is that the trial court erred in admitting the hospital record as extrinsic evidence of a prior inconsistent statement without giving appellant the opportunity to explain or deny the statement as required by A.R.E. Rule 613(b). The state does not respond to this argument directly. Rather, the state defends the admissibility of the medical history as a proper impeachment by contradiction.

■ Although appellant raised approximately twelve objections to the admission of the medical history, including an objection on the basis that he was not shown the prior statement as required by A.R.E. Rule 613(a), he did not make the specific objection relating to the lack of opportunity to explain or deny the prior inconsistent statement as required by A.R.E. Rule 613(b) that he now makes on appeal. We have consistently held that in order to preserve an issue for appellate review, the objection below must be specific enough to apprise the trial court of the particular error about which appellant complains. *Kittler* v. *State,* 304 Ark. 344, 802 S.W.2d 925 (1991). Our review of the abstract reveals appellant raises his second point of error for the first time on appeal, therefore, we will not address it. *Porter* v. *State,* 308 Ark. 137, 823 S.W.2d 846 (1992).

Appellant's final argument is that, based on A.R.E. Rule 403, admission of the challenged evidence was error because any probative value it may have had was substantially outweighed by the danger of unfair prejudice. He argues that because the two girls had gonorrhea, the admission of the medical history indicating appellant had a venereal disease was highly prejudicial and suggested conviction on an improper basis.

■ Although one of appellant's approximate twelve objections to the admission of the hospital record mentioned the word "prejudicial," we do not find a ruling by the trial court on the prejudice objection. Appellant did not renew the prejudice objection once the final ruling of admissibility was made. It was appellant's burden to obtain a ruling from the trial court on the prejudice objection. Without a ruling on such an issue, we have nothing to review on appeal. Appellant's failure to obtain a ruling is fatal. *Pacee* v. *State*, 306 Ark. 563, 816 S.W.2d 856 (1991).

Affirmed.