Alvis A. JORDAN *v.* STATE of Arkansas

CR 95-942                                          917 S.W.2d 164

Supreme Court of Arkansas
Opinion delivered March 11, 1996

*Lee R. Watson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant Alvis Jordan and co-defendant Cedric Harris were charged with capital murder for shooting and killing Broderick Shavis and with attempted capital murder for shooting and injuring Daniel Williams. Appellant and Harris were tried separately. Appellant was found guilty of second-degree murder for killing Broderick Shavis and guilty of attempted first-degree murder for shooting Daniel Williams. There was substantial evidence that appellant was guilty of both crimes. We affirm both judgments of conviction.

In his opening brief, appellant contends that the trial court erred in denying his motion for a directed verdict on the charge of attempted capital murder of Daniel Williams. He argues the required proof of his culpable mental state for attempted capital murder was lacking. We need not address the point in any detail. As appellee's brief points out, the ruling could not have been prejudicial to appellant since he was not

convicted of attempted capital murder, but rather was convicted only of a lesser-included offense, attempted first-degree murder. *See Hickson* v. *State*, 312 Ark. 171, 847 S.W.2d 691 (1993). In his reply brief, appellant admits that he was not convicted of attempted capital murder and attempts to change his argument to one alleging error for failure to grant a directed verdict on the charge of first-degree murder. The attempt to change arguments is ineffective. We have long held that an argument cannot be raised for the first time in the reply brief. *Partin* v. *Bar*, 320 Ark. 37, 894 S.W.2d 906 (1995). As far back as 1919, we wrote: "If counsel should omit to argue any assignment of error in his original brief, such assignment must be treated as waived and abandoned by him unless permission to amend his brief is asked and granted by the court for good cause before the case is submitted." *Commonwealth Pub. Serv. Co.* v. *Lindsay*, 139 Ark. 283, 293, 214 S.W. 9, 13 (1919).

■ As a sub-point appellant argues that the conviction for attempted first-degree murder of Daniel Williams should be reversed because it is inconsistent with the conviction of only second-degree murder for killing Broderick Shavis. While both Shavis and Williams were shot during the one episode, the argument is without merit. A jury may convict on some counts but not on others, and may convict in different degrees on some counts, because of compassion or compromise, and not solely because there was insufficient evidence of guilt. "Indeed, if the rule were otherwise, the State would be entitled to have the jury warned that an acquittal on some counts might undermine a guilty verdict on others — almost the opposite of the standard instructions, which is obviously beneficial to criminal defendants." *McVay* v. *State*, 312 Ark. 73, 77, 847 S.W.2d 28, 30 (1993) (quoting *United States* v. *Greene*, 497 F.2d 1968 (7th Cir. 1974)). The law is clear in that "a defendant may not attack his conviction on one count because it is inconsistent with an acquittal on another count. *Res judicata* concepts are not applicable to inconsistent verdicts; the jury is free to exercise its historic power of lenity if it believes that a conviction on one count would provide sufficient punishment." *Id.* (quoting *United States* v. *Romano*, 879 F.2d 1056 (2d Cir. 1989)).

Appellant next contends that the trial court erred in denying his motion for a directed verdict for the second-degree

murder of Broderick Shavis. He moved for a directed verdict on the capital murder charge for killing Broderick Shavis at the close of the State's case on the ground that there was "insufficient evidence from which reasonable people could agree" that there was, among other things, "premeditation or deliberation." The trial court denied the motion. Appellant then put on his case. At the close of his case, appellant moved for a directed verdict on capital murder and attempted capital murder and all lesser-included offenses on the ground that he had no intent to cause the death of either victim. The trial court denied the motion.

■ The argument is procedurally barred. Appellant's motion at the close of the State's case addressed only capital murder. Counsel stated that he "moved for a directed verdict on the charge of capital murder" and "that there was no intent to commit the death of the individuals by either party when they went down there. There was no premeditation or deliberation." The motion did not address second-degree murder either by name or by the culpability required for the crime. (Premeditation and deliberation are not required for second-degree murder. Instead, it requires proof that the actor engaged in conduct with the conscious object to produce death. *See* Ark. Code Ann. § 5-10-103 (a)(1) (Repl. 1993) and Original Commentary.) We have held that a defendant is required to address the lesser-included offenses in his motion for a directed verdict to preserve a challenge to the sufficiency of the evidence necessary to support a conviction for a lesser-included offense. *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994). Appellant's failure to question the sufficiency of the evidence for lesser-included offenses, either by name or by apprising the trial court of the elements of the lesser-included offenses, at the close of the State's case constituted a waiver of the argument.

■ Appellant's third point of appeal is also procedurally barred. Before trial, appellant filed a motion to quash the jury panel. He did not bring the motion to the attention of the trial court, and he did not obtain a ruling on the motion. In fact, to the contrary, the trial court commenced the trial by asking both the State and appellant, "Is this a good jury?" and both responded affirmatively. In order to preserve a point for appellate review, a party must obtain a ruling from the trial court.

*Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992).

Appellant's next point of appeal concerns the State's closing argument. The evidence tended to show that Broderick Shavis was struck by both a .25 caliber bullet and a .38 caliber bullet. Appellant contends the trial court erred in allowing the prosecutor to draw an improper inference from the evidence by stating "you can't put a five-sixteenths bullet through that one-eighth, I mean one eighth hole." He additionally argues that the prosecutor was erroneously allowed to argue that victim Daniel Williams' beeper could have been used in his job with a temporary agency. Appellant objected to the statements, but did not seek any relief other than a ruling on the objection.

■ The case of *Littlepage* v. *State*, 314 Ark. 361, 863 S.W.2d 276 (1993) is directly in point. There, the defendant objected to arguments made by the prosecutor, but did not ask the trial court for any relief other than a ruling on his objection. We noted that the trial court gave a limiting instruction that counsel's remarks were not evidence and should be disregarded if not supported by evidence. The trial court explained to the jurors that attorneys are given leeway in closing arguments and can make every argument that is plausible from the evidence. We said, "The trial court has a wide latitude of discretion in controlling the arguments of counsel, and its rulings in this regard are not overturned in the absence of clear abuse." *Id.* at 371, 863 S.W.2d at 281 (citation omitted).

■ In the present case, appellant objected, but, just as in *Littlepage* v. *State*, did not ask for a limiting instruction or a mistrial. After the prosecutor's argument about the size of the wounds the trial court gave a limiting instruction that closing arguments by counsel were not to be considered as evidence. The trial court did not give another limiting instruction after the argument about the beeper, but rather instructed the prosecutor to proceed, and the prosecutor did so without further mention of the beeper. Appellant did not ask any relief that was denied by the trial court, and there was no abuse of discretion in the rulings by the trial court.

■ Appellant next argues that the trial court erred in allowing the State to present rebuttal evidence during the sentencing phase of the trial. We addressed this issue in *Caldwell* v.

*State*, 322 Ark. 543, 910 S.W.2d 667 (1995), and held that a trial court has discretion to allow rebuttal evidence during the sentencing phase of the trial.

Appellant's final point of appeal is that the trial court erred in allowing Kim Walker to identify him in court. The argument is devoid of merit. The day after the crimes, Kim Walker accurately described appellant and his clothing, described the co-defendant, and accurately picked appellant out of a photo line-up. At trial she testified that she observed appellant at the crime scene at close range under a street light and was certain of his identity, and identified him as the person who shot and killed Shavis. David Oliver, a police officer, testified without objection that, the day after the crime, Kim Walker identified appellant from a photo line-up as the one who shot Shavis. Wayne Sherrer testified that he has known appellant all of his life and that he saw appellant shoot Shavis. He also identified appellant in the courtroom. Cedric Harris, the co-defendant, testified that he was at the scene with appellant and appellant shot Shavis. Appellant took the stand and testified that he was at the crime scene and fired a pistol when Shavis was killed. He contended that he merely shot into the air while Harris shot and killed Shavis.

Identification simply was not an issue. Even if in some manner the trial court had erred in allowing Walker's in-court identification of appellant, it would be harmless in light of the other identification testimony, especially since appellant testified in court that he was at the crime scene with a pistol.

Affirmed.