James S. McCLELLAN *v.* STATE of Arkansas

CA CR 02-907 · 101 S.W.3d 864

Court of Appeals of Arkansas
Division II
Opinion delivered April 2, 2003

*William R. Simpson, Jr.*, Public Defender; *David Sudduth*, Deputy Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

A NDREE LAYTON ROAF, Judge. Following a bench trial, James S. McClellan was convicted of rape and was sentenced to fifteen years in the Arkansas Department of Correction. On appeal, McClellan's sole argument is that the trial court erred

by admitting the victim's medical records into evidence as business records because they were prepared in anticipation of criminal litigation. We affirm.

Appellant, James S. McClellan, was convicted of rape on April 22, 2002. The details of the rape are irrelevant for purposes of this appeal; however, the assault was especially violent and resulted in injuries to the victim, T.P. McClellan appeals only the admission of T.P.'s medical records into evidence as business records.

At trial, Candi Aston, the triage nurse who initially treated T.P. at Rebsamen Medical Center, testified that T.P. was upset when she arrived at the hospital. Aston helped lay the foundation for the admission of State's Exhibit 4, which is the evidence at issue in this appeal. The State's next witness was Tina Miles, who was the treating nurse at Rebsamen Medical Center. Miles testified about T.P's condition and injuries, and she also helped lay the foundation for admission of State's Exhibit 4. The defense counsel objected to the admission of State's Exhibit 4 as follows:

> MR. SUDDETH: The defense at this time would object to the admission as under the exception of business records. I believe that exception will apply unless there are some details about the exhibit that call into question its trustworthiness, and I believe we are, in the State's exhibits, there are a number of people who have not testified today and some of these pages aren't even signed. So I think it calls into question the trustworthiness of some of these pages that we would object to.

The State contended that the records qualified as business records under Arkansas Rule of Evidence 803(6), and the trial court agreed, admitting the evidence over appellant's objection.

McClellan argues on appeal that the trial court erred in allowing State's Exhibit 4 into evidence as business records under Ark. R. Evid. 803(6). The State contends that McClellan's point is not preserved for appellate review, and even if it is preserved for appellate review, McClellan failed to show that the trial court abused its discretion by admitting the records.

On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion nor will

we reverse absent a showing of prejudice. *Chapman v. State*, 343 Ark. 643, 38 S.W.3d 305 (2001); *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996), *cert. denied*, 519 U.S. 898 (1996).

Generally, one who offers evidence has the burden of showing its admissibility. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998); *Benson v. Shuler Drilling Co., Inc.*, 316 Ark. 101, 871 S.W.2d 552 (1994). Arkansas Rule of Evidence 803(6) provides an exception to the hearsay rule for the admission of business records. That exception has seven requirements: (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of regularly conducted business, (6) which has a regular practice of recording such information, (7) all as known by the testimony of the custodian or other qualified witness. *Benson v. Shuler Drilling Co., Inc.*, *supra*. (citing *Terry v. State*, 309 Ark. 64, 826 S.W.2d 817 (1992)). Rule 803(6) further provides that business records will not be admitted if the source of information or the method of circumstances of preparation indicate lack of trustworthiness. *Id*. Medical records may be admissible under the business–records exception. *See Terry v. State*, *supra*.

McClellan also argues that State's Exhibit 4 should not have been admitted because it was not trustworthy. However, the State contends that McClellan did not properly preserve this point for appellate review. The State is correct in asserting that arguments not raised in the circuit court will not be addressed for the first time on appeal. *E.g., Cook v. State*, 76 Ark. App. 447, 453, 68 S.W.3d 308, 313 (2002). Further, on appeal, a party is bound by the scope and nature of the arguments made in the circuit court. *E.g., Hutcherson v. State*, 74 Ark. App. 72, 76, 47 S.W.3d 267, 270 (2001). During the objection to the evidence at trial, defense counsel argued that there were a number of people who had not testified as well as several unsigned documents in State's Exhibit 4, and specifically called into question the trustworthiness of this portion of the records. We conclude that the objection to the trustworthiness of the evidence was sufficient to preserve the issue for appeal.

We must next consider whether the trial court abused its discretion in finding the evidence admissible. This court has stated that the trial judge has wide discretion in determining quali-

fication of a witness and trustworthiness of a document; we do not reverse absent a showing of the trial judge's abuse of discretion in making these initial determinations of fact concerning business records. *Wildwood Contractors v. Thompson-Holloway Real Estate*, 17 Ark. App. 169, 705 S.W.2d 897 (1986). McClellan argues that the medical records were "prepared in anticipation of a criminal proceeding," and to that end incorporated information given to the hospital personnel by the victim. McClellan further argues that the records were not prepared in the normal course of business, i.e., T.P.'s routine medical checkups.

■ Medical records may be admitted into evidence as business records. *E.g., Edwards v. Stills, supra.; Terry v. State, supra* at 69, 826 S.W.2d at 820 (1992) (appellant's medical records containing information about treatment for a sexual disease were not made in anticipation of litigation). McClellan conceded at trial that the records would be admissible if they were trustworthy. He now argues that the records were not trustworthy because the victim gave the information in the records and because they were made in anticipation of litigation. However, McClellan's argument that the records were untrustworthy is merely conclusory and goes to the weight of the evidence and not to its admissibility. *See Wildwood Contractors v. Thompson-Holloway Real Estate Agency, supra.* (personal knowledge of the sponsoring witness regarding preparation of business records goes to weight rather than admissibility of record).

■ ■ The State asserts that medical decisions are made from such records, and these decisions are the business of hospitals. *Cf. Terry v. State, supra.* We agree, and this necessarily includes decisions regarding the treatment of victims of rape and other criminal events. It is the fact that regularly kept business records are relied upon for business decisions that makes them trustworthy enough to be admissible as an exception to the hearsay rule. *See Wildwood Contractors v. Thompson-Holloway Real Estate Agency, supra.*; E. Cleary, *McCormick On Evidence*, Section 306 (3d ed. 1984). Moreover, while McClellan questioned at trial the trustworthiness of "some of these pages" of the medical records, he did not specify the pages to which he objected or request that they be excised. To the extent his objection was directed at portions of the records containing information provided by the victim, we note that the victim's testimony at trial concerning the assault and rape was not in conflict

with information she provided to medical personnel during her examination and treatment, and was much more extensive, graphic, and detailed. Thus, the information contained in the medical records was merely cumulative of her trial testimony.

Affirmed.

STROUD, C.J., and GRIFFEN, J., agree.