

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-1022

| | |
|---|---|
| ROY LEE RUSSELL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 4, 2014<br><br>APPEAL FROM THE DESHA COUNTY CIRCUIT COURT<br>[NO. CR2012-10-1]<br><br>HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED |

**DAVID M. GLOVER, Judge**

Roy Lee Russell was charged by criminal information in Desha County Circuit Court with three counts of kidnapping, one count of aggravated assault, three counts of rape, one count of second-degree battery, and one count of being a felon in possession of a firearm. A jury acquitted Russell of all counts except the second-degree-battery charge and being a felon in possession of a firearm. Russell was sentenced as a habitual offender to fifteen years in prison and fined $10,000 for the second-degree-battery conviction; he was sentenced to forty years in prison and fined $15,000 for being a felon in possession of a firearm. The sentences were ordered to be served consecutively. Russell now appeals, arguing that there was insufficient evidence to convict him of second-degree battery and being a felon in possession of a firearm when the jury acquitted him of aggravated assault, a charge that arose out of the same set of facts and circumstances. We affirm.

Russell frames his argument as a sufficiency argument; however, it is not a sufficiency

argument—it is an inconsistent-verdict argument. He asserts that his convictions for second-degree battery and felon in possession of a firearm cannot stand because the jury did not also convict him of aggravated assault. This argument was never made to the circuit court; therefore, it is not preserved for appellate review. *Fletcher v. State*, 2014 Ark. App. 50 (holding that appellant's inconsistent-verdict argument was not preserved for appellate review when that argument was never made to the circuit court after the jury returned its verdict or in a post-trial motion). Even if this argument had been preserved, we would affirm. "A jury may convict on some counts but not on others, and may convict in different degrees on some counts, because of compassion or compromise, and not solely because there was insufficient evidence of guilt." *Jordan v. State*, 323 Ark. 628, 631, 917 S.W.2d 164, 165 (1996). "The law is clear in that 'a defendant may not attack his conviction on one count because it is inconsistent with an acquittal on another count. Res judicata concepts are not applicable to inconsistent verdicts; the jury is free to exercise its historic power of lenity if it believes that a conviction on one count would provide sufficient punishment.'" *Id.* (quoting *McVay v. State*, 312 Ark. 73, 77, 847 S.W.2d 28, 30 (1993)).

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Joseph P. Mazzanti, III*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., and *Richmond Giles*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.

2