

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-15-302

| | |
|---|---|
| | Opinion Delivered December 16, 2015 |
| EUGENE MCDANIEL III<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NOS. CR-2013-3038; CR-2010-06; CR-2010-176] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

Eugene McDaniel III appeals his conviction for committing a terroristic act and the revocation of his probation. He argues that an inconsistency in the jury's verdicts shows that the State failed to prove that he (1) committed a terroristic act and (2) violated the conditions of his probation. We hold that his argument is not preserved and affirm.

On 4 January 2010, McDaniel was charged with breaking or entering, theft of property, and criminal mischief in case number CR-2010-06. On 13 January 2010, he was charged with residential burglary and theft of property in case number CR-2010-176. McDaniel entered a guilty plea in both cases and was sentenced to five years' probation in CR-2010-06 and five years' probation in CR-2010-176.

On 19 September 2013, McDaniel was charged with the offenses of committing a terroristic act, first-degree battery (two counts), and possession of a firearm by certain persons. He was also charged with a firearm enhancement pursuant to Ark. Code Ann. § 16-90-120 (Repl. 2013). Also on 19 September 2013, the State filed a petition to revoke McDaniel's probation in CR–2010-176 based on his committing these new offenses. And on 14 January 2014, the State filed a petition to revoke McDaniel's probation in CR–2010-06, also based on his committing these new offenses.

A jury trial was held in August 2014, at which the State presented evidence that McDaniel and several others were involved in an altercation with Anthony Parker at Parker's residence. This altercation resulted in McDaniel and two others shooting toward Parker and his house; Parker sustained a number of gunshot wounds, and seven-year-old Nyla Watson, the daughter of Parker's girlfriend, was also shot in the foot. The jury found McDaniel guilty of committing a terroristic act but not guilty of first-degree battery with respect to Parker and Watson.[1] The jury also found that McDaniel did not employ a firearm as a means of committing a terroristic act for purposes of the firearm enhancement.

McDaniel was sentenced to fifteen years' imprisonment for committing a terroristic act. The circuit court also revoked his probation based on his commission of this crime and sentenced him to three years' imprisonment with three years' suspended imposition of sentence (SIS) in CR–2010-06 and five years' imprisonment with five years' SIS in CR–2010-176. This appeal followed.

---

[1] The sentencing order indicates that the offense of possession of firearms by certain persons was severed.

For his first point on appeal, McDaniel argues that the State failed to prove that he committed a terroristic act as evidenced by the jury's inconsistent verdicts. A person commits a terroristic act if, while not in the commission of a lawful act, the person shoots at an occupiable structure with the purpose to cause injury to a person or damage to property. Ark. Code Ann. § 5-13-310(a)(2) (Repl. 2013). McDaniel asserts that the State failed to prove that he committed a terroristic act because the jury found that he did not employ a firearm in committing a terroristic act, and an element of the crime is "shoot[ing] at an occupiable structure." He asserts that he "cannot be guilty of having committed [a] terroristic act if he did not, beyond a reasonable doubt, employ a firearm to commit the 'shoots' element of the definition of terroristic act." In support, he provides a lengthy block quote from *United States v. Randolph*, a Sixth Circuit Court of Appeals decision, which reversed Randolph's conviction for drug trafficking because the jury also "found that the drugs 'involved in' the conspiracy were 'none.' This unanimous finding negates an essential element of the charged drug conspiracy and is only susceptible to one interpretation: the government failed to prove Randolph guilty of the charged drug conspiracy beyond a reasonable doubt." 2015 FED App. 0163P, at 12 (6th Cir.).

In response, the State argues that a jury may convict on some counts but not on others, and may convict in different degrees on some counts, because of compassion or compromise, and not solely because there was insufficient evidence of guilt. *Jordan v. State*, 323 Ark. 628, 631, 917 S.W.2d 164, 165 (1996). The State also contends that, if viewed as a sufficiency argument, then McDaniel failed to make this argument below, so it is not preserved for our review.

In reply, McDaniel acknowledges that he did not raise this argument below, but he asserts that the argument falls under one of the four exceptions outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). In *Wicks*, the Arkansas Supreme Court presented the following four narrow exceptions to the contemporaneous-objection requirement: (1) when the circuit court, in a death-penalty case, fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and thus no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character that the circuit court should intervene on its own motion to correct the error; and (4) when the admission or exclusion of evidence affects a defendant's substantial rights. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007).

In this case, McDaniel contends that the third *Wicks* exception applies. He argues that "a circuit court judge's failure to intervene in the trial to secure a defendant's right to have the State prove its case beyond a reasonable doubt is structural error that an Arkansas appellate court may address for the first time on direct appeal," citing *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003). He also argues that this case is an "internally inconsistent verdict" case, not an inconsistent-verdicts case; therefore, the case law governing inconsistent verdicts does not apply.

We hold that McDaniel's argument is not preserved for our review because he failed to raise it below. *See Russell v. State*, 2014 Ark. App. 357 (holding that appellant's inconsistent-verdict argument was not preserved for appellate review because it was never made to the circuit court); *Fletcher v. State*, 2014 Ark. App. 50 (holding that appellant's

inconsistent-verdict argument was not preserved for appellate review when that argument was never made to the circuit court after the jury returned its verdict or in a posttrial motion). We disagree that this case falls under the third *Wicks* exception; our case law is clear that *Wicks* presents only narrow exceptions that are to be rarely applied, and the third *Wicks* exception has been applied only to cases in which a defendant's fundamental right to a trial by jury is at issue. *See Anderson*, *supra*. And whether one frames this case as an inconsistent-verdict case or an internally-inconsistent-verdict case, the fact remains that no argument on either basis was made to the circuit court. Because McDaniel has not preserved his argument for our review, and because no *Wicks* exception applies, we affirm his conviction.

For his second point on appeal, McDaniel contends that because the State failed to prove that he committed a terroristic act, it also failed to prove that he violated any law punishable by imprisonment; therefore, the circuit court erred in revoking his probation. He develops no argument on this point and instead cites only to his argument under Point I. Because we affirm McDaniel's conviction, we also affirm the revocation of his probation based on his committing a terroristic act, which demonstrates his violation of a law punishable by imprisonment.

Affirmed.

KINARD and HOOFMAN, JJ., agree.

*Don Thompson*, Deputy Pub. Def., by: *Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.