MARSHALL TRUCKING COMPANY *v.* STATE
of Arkansas

CA CR 87-51                                      743 S.W.2d 16

Court of Appeals of Arkansas
Division I
Opinion delivered January 27, 1988

*Angela Yvette Baxter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven III*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Marshall Trucking Company appeals from its conviction of operating an overweight vehicle on the highways of this state in violation of Ark. Stat. Ann. § 75-817 (Supp. 1985). We find no error and affirm.

Officer Harold Spraggins of the Arkansas State Highway Police testified that he stopped appellant's truck on June 13, 1985, because it appeared to be overweight. The officer testified that in weighing the truck he followed the method prescribed by the state police in weighing each axle separately and adding them together to arrive at total weight. He found that the truck weighed 80,700 pounds, which was in excess of the maximum allowed for a vehicle of that type and load, and issued a citation for violation of the statute. He stated that there was no indication that his scales were not working properly or that his addition was faulty. On cross-examination, he testified that it was customary to have the scales tested every six months at the Arkansas Highway Department facility in Little Rock but that his scales had not been tested within six months prior to the issuance of the citation. He did state, however, that his scales were tested one month after writing this citation and that that testing showed his scales to have a maximum variance of one hundred pounds.

The appellant first argues that Officer Spraggins' computation of the maximum permissible weight of the truck was in error and not as prescribed in the statute. Arkansas Statutes Annotated § 75-817 prescribes those maximum gross weights which will be permitted for various types of vehicles and the method for calculating those maximum weights, and provides for variations and tolerances for some types of loads. The statute is clear, however, that in no event shall the gross allowable weight for any vehicle, including all allowable tolerances or variances, exceed 80,000 pounds.

Appellant argues that the only proper means of determining the weight of its truck was through employment of the mathematical formula found in Ark. Stat. Ann. § 75-817(e), and that it was therefore error to have arrived at that determination

by utilizing the method employed by Officer Spraggins. It argues that, had this formula been used, it would have proven that the true weight of the truck was not in excess of that allowed. We can only conclude that appellant has misinterpreted the purpose of this formula, for it is clear that it is merely a method by which to determine the maximum weight a given truck *can* carry legally and not a method by which to determine how much a given truck *is* carrying at a particular time.

The appellant next argues that the officer's scales were not properly certified, that they therefore could not form the basis for reliable evidence as to the actual weight of the appellant's vehicle at the time the citation was issued and the trial court should not have considered that evidence. Appellant cites us no statutory provision which would require that the scales be tested at any particular interval or that, as a consequence of a failure to do so, the evidence obtained from their use be excluded. In the absence of such a statutory declaration or prohibition, the fact that a scale has not been tested within six months prior to the arrest would merely go to the weight to be afforded the evidence rather than its admissibility.

On appellate review of criminal cases, we view the evidence in the light most favorable to the trial court's findings and will affirm those findings if supported by substantial evidence. *Biniores* v. *State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). The officer testified that he conducted the test in the manner usually employed by his department, that he detected nothing wrong with his scales at the time they were employed, and that his calculations as to the weight carried by the truck at the time were correct. The credibility of the officer and the weight to be given his testimony are matters for the trial court to determine. From our review of the record, we conclude that the trial court's finding that appellant's truck was operated on the highway in violation of Ark. Stat. Ann. § 75-817 is supported by substantial evidence.

Chester Marshall, president of the appellant firm, testified that his company operated a number of trucks hauling wood chips and timber products. He testified that each truck is weighed upon arrival at the Georgia Pacific mill and again after being emptied. The driver is then furnished duplicate copies of the weight ticket.

One copy of the ticket is sent to the mill the following Monday for payment and the duplicate retained in the company file. He then offered into evidence a copy of a ticket from his file said to have been furnished his driver on the date the citation was issued and which showed the gross weight of the truck upon its arrival to be 80,060 pounds. In response to the State's objection, appellant's counsel stated that the exhibit was intended to prove the true weight of the vehicle, that the police officer's scales were inaccurate, and that the truck was not as overweight as the officer testified.

Appellant contends that the trial court erred in not admitting the ticket as an exception to the hearsay rule under A.R.E. Rule 803(6), which provides that records made in the regular course of business pursuant to a regular practice to make such entries, as shown by a custodian of the records or other competent witness, may be admitted as business records, unless the source of information, or method or circumstances of preparation indicate a lack of trustworthiness. In *Cates* v. *State*, 267 Ark. 726, 589 S.W.2d 598 (Ark. App. 1979), the court listed seven factors which must be present before a document may qualify as a business record. In *Wildwood Contractors* v. *Thompson-Holloway Real Estate Agency*, 17 Ark. App. 169, 705 S.W.2d 897 (1986), the court held that only those documents meeting those criteria and which are also found to be trustworthy are admissible under the rule, and that the trial court has wide discretion in making that initial determination of fact.

Although the proffered document was found in appellant's company files and did meet some of the criteria set out in *Cates*, our problem arises because here appellant is attempting to qualify a memorandum made and furnished by Georgia Pacific. Although there is no prohibition against one company integrating records made by another into its own business records, the party offering the record must still establish by a competent witness that its content is worthy of belief. The mere fact that the memorandum is retained in appellant's files does not supply the required foundation for admission. *United States* v. *Davis*, 571 F.2d 1354 (5th Cir. 1978).

In denying admission of the record, the trial court noted that no one had testified as to the accuracy of Georgia Pacific's

scales, the qualifications of the operator to weigh the truck and make the record entry, or any of the other circumstances under which the record was made. Without discussing all of the circumstances bearing on the trustworthiness of the record, we conclude that the trial court did not abuse its discretion in holding that the record was not competent to prove the truth of the matters asserted in it, was not worthy of belief, and should be excluded.

Affirmed.

MAYFIELD and COULSON, JJ., agree.