RAYMOND R. ABRAMSON, Judge *915 The Pulaski County Circuit Court convicted Matthew Todd Sitzmann of lottery fraud. Sitzmann appeals his conviction and argues that the circuit court abused its discretion by admitting an email into evidence. We affirm.
On May 5, 2017, the State charged Sitzmann with lottery fraud. Sitzmann waived his right to a jury trial, and the court held a bench trial on February 5, 2018.
At trial, Justin Foster testified that he is the general manager of the Petro Shopping Center (Petro) in North Little Rock and that Petro accepts and sells lottery tickets. He explained that around May 4, 2016, he discovered that a shipment of lottery tickets had been opened and that booklet 9758 was missing. He notified the Arkansas Lottery Commission (the Commission) that booklet 9758 was missing from his shipment. Foster stated that he learned from the Commission that Matthew Sitzmann had accepted the shipment with booklet 9758 and that a ticket from that booklet had been redeemed at Kum and Go.
Gregory Mote testified that he had worked in the security division of the Arkansas Scholarship Lottery, and he explained the security procedure for the distribution of lottery tickets to retailers. He stated that tickets are shipped to retailers in a nonactive status and that retailers activate tickets by scanning them into their lottery terminal. He explained that when a nonactive ticket is redeemed at a retailer, his office receives an automatically generated email alerting him of the redemption of a nonactive ticket. He testified that he received an email concerning the redemption of a nonactive ticket from booklet 9758 at Kum and Go on May 3, 2016. He testified that the email is kept in the normal course of business.
The State then introduced the email into evidence, and Sitzmann objected. He asserted that the email is hearsay. He noted that the email was generated by system@intralot.us, not the Commission, and a representative from Intralot needed to testify. The court denied the objection and admitted the email into evidence.
At the conclusion of trial, the court found Sitzmann guilty of lottery fraud and sentenced him to six years in the Arkansas Department of Correction. This appeal followed.
On appeal, Sitzmann argues that the circuit court abused its discretion by admitting into evidence the email because the email is hearsay and does not qualify under the business-record exception because the State did not present evidence of how it was transmitted or who prepared the email. He points out that the email is from system@intralot.us and that an Intralot representative did not testify about *916 the procedures of transmitting the email. He further claims that he is prejudiced by the email because the email is the only evidence showing that he redeemed a missing or stolen lottery ticket. He points out that he gave Foster an "exculpatory explanation" that he received the ticket as a tip; thus, he claims that without the email, there was no evidence that he purposely defrauded the Commission.
The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. See Rodriguez v. State , 372 Ark. 335, 276 S.W.3d 208 (2008). Specifically, we have stated that an appellate court will not reverse a circuit court's ruling on a hearsay objection unless the appellant can demonstrate an abuse of discretion. Rye v. State , 2009 Ark. App. 839, 373 S.W.3d 354. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. Id. Additionally, this court will not reverse an evidentiary ruling absent a showing of prejudice. Anderson v. State , 354 Ark. 102, 118 S.W.3d 574 (2003). A person commits the offense of lottery fraud if he falsely makes, alters, forges, utters, passes, or counterfeits a ticket or share in a lottery with a purpose to defraud the Office of the Arkansas Lottery. Ark. Code Ann. § 5-55-501(b)(1) (Repl. 2016).
Arkansas Rule of Evidence 803(6) provides that records of a regularly conducted business activity are not excluded from evidence by the hearsay rule. See also Jones v. John B. Dozier Land Tr. , 2017 Ark. App. 23, 511 S.W.3d 869. To be admissible under the business-record exception, the offering party must meet seven requirements. Id. The evidence must be (1) a record or other compilation (2) of acts or events (3) made at or near the time the act or event occurred (4) by a person with knowledge, or from information transmitted by a person with knowledge (5) kept in the course of a regularly conducted business (6) that has a regular practice of recording such information (7) as shown by the testimony of the custodian or other qualified witness. Id. Although there is no prohibition against one company integrating records made by another into its own business records, the party offering the record must still establish by a competent witness that its content is worthy of belief. Id. (citing Marshall Trucking Co. v. State , 23 Ark. App. 110, 743 S.W.2d 16 (1988) ). The mere fact that a document is retained in a business's files does not supply the required foundation for admission. Id. (citing Marshall Trucking , 23 Ark. App. 110, 743 S.W.2d 16 ). Only those documents meeting the seven requirements and are also found to be trustworthy are admissible under Rule 803(6). Id.
In this case, even assuming the circuit court erred in admitting the email, Sitzmann has failed to establish that he was prejudiced by the admission of the email. Before the State introduced the email, Mote testified without objection that he received notification on May 3, 2016, that a nonactivated lottery ticket from booklet 9758 had been redeemed at a Kum and Go. Moreover, even though Sitzmann maintains that he received the ticket as a tip, he also admitted to Foster that he signed for the shipment of lottery tickets. When acting as a fact-finder, the circuit court determines the credibility of witnesses, resolves conflicts and inconsistencies in testimony, and assesses the weight to be given the evidence. See Strom v. State , 348 Ark. 610, 74 S.W.3d 233 (2002). Accordingly, we hold that Sitzmann has *917 not established a reversible error, and we affirm his conviction.
Affirmed.