Cite as 2019 Ark. App. 440

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–19–268

| | | |
|---|---|---|
| PATRICK L. PATTON | | **Opinion Delivered:** October 2, 2019 |
| | APPELLANT | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06CR-18-42] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SAM POPE, JUDGE |
| | APPELLEE | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Patrick Patton appeals from the December 5, 2018 Bradley County Circuit Court order convicting him of criminal mischief in the first degree, a Class C felony. The jury sentenced Patton to a term of ninety-six months in the Arkansas Department of Correction, and he was ordered to pay $17,000 in restitution. Patton's sole point on appeal is that the circuit court abused its discretion by admitting hearsay, in the form of an invoice, to prove the amount of actual damages. We affirm.

The evidence at trial established the following. Patton was taken to the Bradley County Medical Center Emergency Room when he sustained an injury earlier in the night while he was being arrested. Patton testified he was dropped on his face, which knocked out three of his teeth and required six stitches. When a deputy went to the hospital to execute an arrest warrant, Patton sat up, punched the wall, ripped down a whiteboard, grabbed a computer and threw it down, and then started punching out a glass cabinet.

Cathy Hall, an employee health nurse and in-service director at the Bradley County Medical Center, testified that the computer Patton damaged was a piece of specialized tele-medicine equipment that could not be replaced by a regular laptop or desktop computer. Hall explained that the device was part of the "Arkansas Saves" program funded by the University of Arkansas for Medical Sciences (UAMS). Hall testified that she had overseen the program at the medical center for roughly ten years and that UAMS pays part of her salary because of it. Hall explained this program was originally established through grants, but now the medical center pays UAMS for the equipment yearly. Hall further explained that the billing for this program does not go through the medical center's typical financial process because the medical center is billed strictly through UAMS.

To prove the amount of damage caused, the State introduced an invoice into evidence through Hall. The invoice was transmitted by UAMS, and Hall submitted it to the medical center. Hall testified she was authorized to submit it to the medical center by the hospital administrator. The invoice represented the actual replacement cost of $15,746.97 paid by the medical center to replace the tele-medicine device and a document identifying the glass cabinet costing $1,304. Patton objected to the admission of the invoice, arguing that the invoice was hearsay, but the court overruled his objection.

On appeal, Patton does not expressly challenge the sufficiency of the evidence; rather, he challenges the circuit court's finding that the State's proof of damages was not inadmissible hearsay.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of

2

evidence absent a manifest abuse of discretion. *Sitzmann v. State*, 2019 Ark. App. 78, at 3–4, 569 S.W.3d 913, 916. Specifically, we have stated that an appellate court will not reverse a circuit court's ruling on a hearsay objection unless the appellant can demonstrate an abuse of discretion. *Id.* An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* Additionally, this court will not reverse an evidentiary ruling absent a showing of prejudice. *Id.*

A person commits the offense of criminal mischief in the first degree if he or she purposely and without legal justification destroys or causes damage to any property of another. Ark. Code Ann. § 5-38-203 (Repl. 2013). It is a Class C felony if the amount of actual damages is more than five thousand dollars. *Id.* To prove the amount of damages, the State introduced an invoice through Hall. Patton argues this invoice is hearsay and that without this invoice, the State failed to establish the amount of actual damages necessary to support his conviction. We disagree.

Rule 803(6) of the Arkansas Rules of Evidence provides an exception to the hearsay rule for the admission of business records. That exception has seven requirements: (1) a record or other compilation, (2) of acts or events, (3) made at or near the time the act or event occurred, (4) by a person with knowledge, or from information transmitted by a person with knowledge, (5) kept in the course of regularly conducted business, (6) which has a regular practice of recording such information, (7) all as known by the testimony of the custodian or other qualified witness. Ark. R. Evid. 803.

We hold that Hall's testimony was sufficient to lay the foundation for the introduction of the invoice under the business-records exception as proof of the damage caused. Here, the invoice was a record of the actual amount of damages incurred. The invoice was created about two months after Patton destroyed the equipment. Hall had knowledge of the replacement cost because UAMS submitted a bill yearly to the hospital for the equipment and she had knowledge of the process involved in paying for the program's equipment. Hall was qualified to testify because she worked on behalf of both UAMS and the medical center for ten years. Lastly, the hospital administrator authorized her to submit invoices from UAMS to the medical center.

We do not have any testimony regarding how the invoice was prepared, and it appears that Hall did not personally prepare the invoice, but these facts do not prevent the admission of the record into evidence. We have held in laying a foundation for admission of business records at trial, the sponsor witness need not have actual knowledge of the actual creation of the document itself, as such personal knowledge of its creation goes to the weight rather than the admissibility of the evidence. *See Metzgar v. Rodgers*, 83 Ark. App. 354, 376, 128 S.W.3d 5, 19 (2003). Hall testified that she had been working on behalf of UAMS and the medical center for ten years and is familiar with the normal billing and operations. We are satisfied that she is a knowledgeable and qualified witness.

On appeal, Patton does not address the business-records exception to the hearsay rule. Rather he relies on *Eichelberger v. State*, 323 Ark. 551, 916 S.W.2d 109 (1996), to suggest that all invoices are inadmissible hearsay. In *Eichelberger*, property was damaged, including a windshield. The victim of the damaged windshield was allowed to prove his

4

damages with an invoice from a windshield-repair company that was sent to the victim's insurance company. That invoice was merely an estimate that reflected what the glass company *would* charge the insurance company to replace the broken window. Here, the testimony established that the medical center actually paid the amount of damages reflected on the invoice. Further, the invoice was introduced through a qualified and knowledgeable witness (Hall), whereas in *Eichelberger* the witness was only the victim and had no knowledge about how the invoice was transmitted and the process of billing between the repair company and the insurance company.

Accordingly, we hold that the circuit court did not abuse its discretion in admitting the invoice to establish the amount of damages and restitution owed.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.