Cite as 2024 Ark. App. 252

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-529

|  | |  |
|---|---|---|
| DEREK KILCREASE | | Opinion Delivered April 17, 2024 |
| | APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-22-202] |
| V. | | |
| | | HONORABLE CREWS PURYEAR, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Following a jury trial in the Ashley County Circuit Court, Derek Kilcrease was convicted of two counts of aggravated assault, two counts of criminal mischief in the first degree, and one count of theft of property. Kilcrease appeals only one of the criminal-mischief convictions, arguing that the circuit court abused its discretion in admitting hearsay evidence. We agree and reverse and remand for a new trial.

The charges arose after Kilcrease allegedly stole a truck from a repair shop and rammed it into two other vehicles on the highway. The criminal-mischief charge at issue on appeal alleged that Kilcrease caused damage to the vehicle of Arthur Jones. A person commits criminal mischief in the first degree if he or she purposely and without legal justification destroys or causes damage to any property of another person. Ark. Code Ann.

§ 5-38-203(a)(1) (Repl. 2013). This offense is a Class C felony if the amount of actual damage is more than $5,000 but less than $25,000. Ark. Code Ann. § 5-38-203(b)(3).

Jones testified that Kilcrease hit his vehicle three times, and the estimate to repair his vehicle was about $9,400. Kilcrease objected "to that number" as hearsay. The court held its ruling in abeyance for the State to lay a foundation. Jones testified that he took his vehicle to a body shop at the direction of his insurance company to have it evaluated for repairs. He said that State's exhibit 1 was a document he received from the body shop and the insurance company. Jones said that he paid a $250 deductible, and his insurance company paid the body shop directly. When asked again where State's exhibit 1 originated, Jones said it was provided to him by the body shop. Jones said that the document lists the damage to his vehicle and shows what his insurance paid. Kilcrease objected to the document as hearsay. The circuit court overruled the objection and admitted the exhibit.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Patton v. State*, 2019 Ark. App. 440, 586 S.W.3d 708. Specifically, we have stated that an appellate court will not reverse a circuit court's ruling on a hearsay objection unless the appellant can demonstrate an abuse of discretion. *Id.* An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* Additionally, this court will not reverse an evidentiary ruling absent a showing of prejudice. *Id.*

2

Kilcrease argues that the repair estimate offered by the State to prove the amount of damage necessary to convict him of Class C felony first-degree criminal mischief constituted inadmissible hearsay. Kilcrease cites *Webb v. Thomas*, 310 Ark. 553, 837 S.W.2d 875 (1992), in which the supreme court stated that estimates of damage are inadmissible hearsay when the person preparing the estimate has not been offered as a witness. More recently in *Jones v. John B. Dozier Land Tr.*, 2017 Ark. App. 23, 511 S.W.3d 869, this court stated that a repair estimate offered to prove the truth of the matter asserted therein, namely, the remediation costs, was clearly hearsay. *See also Sec. Ins. Corp. of Hartford v. Henley*, 19 Ark. App. 299, 720 S.W.2d 328 (1986) (holding that an invoice and repair estimates were inadmissible hearsay). Kilcrease contends that admission of the hearsay estimate was prejudicial because it was the only evidence of the amount of the damage.

The State contends that the document was admissible under the business-records exception to the hearsay rule set forth in Arkansas Rule of Evidence 803(6). A document is admissible under the business-records exception if it is (1) a record or other compilation; (2) of acts or events; (3) made at or near the time the act or event occurred; (4) by a person with knowledge or from information transmitted by a person with knowledge; (5) kept in the course of a regularly conducted business; (6) that has a regular practice of recording such information; (7) all as shown by the testimony of the custodian or other qualified witness. *Patton*, *supra*. The State argues that the document here was an invoice prepared by the repair shop and that Jones dealt directly with the repair shop and testified that the invoice reflected the actual cost of repairs.

While the State insists that the document is an invoice, not an estimate, despite its characterization at trial, we note that the twelve-page document, which states that it is a "Supplement of Record 1 with Summary," includes the word "estimate" at least eight times. Furthermore, the document appears to have been prepared by Jones's insurance company rather than the repair shop. It directs Jones to "[p]lease present a copy of this estimate to a repair facility of your choice," and states that "[t]his is not an authorization to repair. Failing to present this estimate to the repairing garage before repair may result in additional expenses to you." Regardless of how the document is characterized, we hold that Jones was not a qualified witness to support its admission under the business-records exception.

The State cites *Patton*, *supra*, where we held that a hospital employee was a qualified witness to support the admission of an invoice under the business-records exception in a criminal-mischief trial. In *Patton*, the hospital employee testified that the damaged equipment was part of a program funded by UAMS that she had overseen for ten years and that UAMS submitted an annual bill for the equipment to the hospital. The employee testified that the invoice reflected the actual replacement cost that the hospital paid after she submitted the invoice that was transmitted by UAMS. Under these facts, this court held that the employee was a qualified witness due to her knowledge of the normal billing and operations of the program, the replacement cost of the equipment, and the process involved in paying for the equipment. We distinguished a case wherein the supreme court reversed a ruling admitting, through the testimony of the victim, an invoice from a windshield-repair

company that was sent to the victim's insurance company. *See Eichelberger v. State*, 323 Ark. 551, 916 S.W.2d 109 (1996).

Here, although Jones testified that the exhibit showed what his insurance paid, he also testified that the insurance company paid the body shop directly. Unlike in *Patton*, he demonstrated no knowledge of the process of billing and payment between the repair company and the insurance company. We hold that the State failed to meet the requirements for admission as a business record and that the exhibit and Jones's testimony regarding the amount of actual damage were inadmissible hearsay. Accordingly, we reverse the conviction for criminal mischief and remand for further proceedings. *See Flores v. State*, 348 Ark. 28, 69 S.W.3d 864 (2002).

Reversed and remanded.

GLADWIN and GRUBER, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

5